UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:13CR338 RWS |
| ) | (FRB) |
| ROBERT M. PALMER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Presently pending before the Court is defendant Robert M. Palmer's Motion to Compel the Government to Provide Specific Responses to Discovery Requests (Doc. #41).  All pretrial motions were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  A hearing was held on the motion on November 18, 2013.

On August 21, 2013, a grand jury sitting in this district returned an Indictment charging defendants Robert M. Palmer and Mark L. Driver with two counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; and two counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2.  The Indictment alleges that said fraud occurred in the course of defendants' ownership and operation of Princeton Partnership, LLC, an insurance brokerage business, by which defendants devised and participated in a scheme to defraud and obtain money from several Princeton customers.  Defendants were

arraigned on the Indictment on August 27, 2013, and a pretrial order governing discovery and other pretrial matters was entered that same date.

On October 1, 2013, subsequent to his arraignment and during the course of pretrial discovery in the cause, defendant Palmer filed with the Court a detailed Request for Discovery directed to the government in which he sought various and numerous discovery items, including multiple itemized requests for favorable evidence under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (See Doc. #35.) In the instant motion, defendant Palmer seeks an Order compelling the government to provide specific responses to these specific discovery requests. The government has responded to the motion to which defendant Palmer has replied. For the following reasons, the motion should be granted.

In his Request for Discovery, defendant Palmer propounded to the government lengthy discovery requests seeking the production of specifically enumerated materials. Defendant complains that, despite the detailed nature of those requests, the government provided only cursory, opaque and blanket responses that failed to address the specific requests. Defendant contends that the lack of specific responses to specific requests leaves him unable to determine whether the government is claiming that the information he seeks does not exist, whether the government is taking the

position that the information sought is not Brady material, or whether the government contends that the information is not discoverable for some other reason. Defendant argues that because he does not know the government's position with respect to each specific request, he is unable to determine whether to pursue disclosure of the material and, if so, what legal arguments to present in support.[1] Defendant emphasizes in the instant motion that he is not currently seeking *production* of any documents or other material; only that the government provide specific responses to his discovery requests.

The government's failure to provide specific responses to each individual discovery request does not impact the efficacy of the Brady rule in this case, as the rule applies regardless of whether a specific request has been made. United States v. Agurs, 427 U.S. 97, 107 (1976). Nevertheless, the lack of specific responses to specific requests can have the effect of representing to the defense that the requested information does not exist. In reliance upon such representation, the defendant may abandon lines of investigation, defenses or trial strategies that he might otherwise have pursued. In addition, as noted by the defendant, if

---

[1] In the instant motion, defendant sets out specific examples of discovery requests that he claims were not answered with specificity. Defendant does not maintain, however, that the examples provided comprise an exhaustive list as to which of his discovery requests have not been answered with specificity, and instead maintains entitlement to individual responses to each individual request in the discovery request filed.

the government is taking the position that the requested information is not <u>Brady</u> material or that the defendant is not entitled to the material for some other reason, the defendant needs to be made aware of that position so that he may make an informed decision whether to pursue production of the information and, if so, what arguments to present in support.

A review of the defendant's motion shows it not to request that material be produced. Instead, defendant only seeks specific responses to each of his discovery requests so that he may know whether the government is claiming that no such evidence exists, or that such evidence is not discoverable and the reason therefor. The government's concerns that such specific responses would disclose its theory of proof and trial strategy, or would make it vulnerable to a motion for sanctions, are unfounded. The government is simply being required to provide specific responses to each of defendant's specific discovery requests. If the government believes that a specific request seeks material and/or information that does not exist, it may make such a response to that specific request. If the government believes that a specific request seeks material and/or information to which the defendant is not legally entitled, the government may respond to that request by indicating such belief with reasons therefor. Providing legally sufficient reasons for declining to disclose certain requested material and/or indicating a good faith belief that such material

does not exist does not disclose any strategy whatsoever nor render the government vulnerable to sanctions.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that defendant Robert M. Palmer's Motion to Compel the Government to Provide Specific Responses to Discovery Requests (Doc. #41) be granted as provided herein.

The parties are advised that any written objections to these findings and determinations shall be filed not later than **December 10, 2013.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

／s／ Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this _26th_ day of November, 2013.