```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


UNITED STATES OF AMERICA,        )
                                 )
               Plaintiff,        )
                                 )
          v.                     )    No.  4:13CR338 RWS
                                 )                (FRB)
ROBERT M. PALMER, et al.,        )
                                 )
               Defendants.       )
```

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Presently pending before the Court is defendant Robert M. Palmer's Motion to Strike Surplusage from Indictment (Doc. #42). All pretrial motions were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). A hearing was held on the motion on November 18, 2013.

On August 21, 2013, a grand jury sitting in this district returned an Indictment charging defendants Robert M. Palmer and Mark L. Driver with two counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; and two counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. The Indictment alleges that said fraud occurred in the course of defendants' ownership and operation of Princeton Partnership, LLC, an insurance brokerage business, by which defendants devised and participated in a scheme to defraud and obtain money from several Princeton customers. In the instant motion to strike, defendant Palmer avers that the four counts of

the Indictment allege offenses pertaining to victims J.A., D.L. and J.P.-2, but that paragraphs 5 and 6 of the Indictment set out allegations of fraud pertaining to other individuals, and specifically, B.L., J.P.-1, P.P., R.T., and C.M.  Defendant Palmer contends that these additional and uncharged allegations pertaining to said individuals constitute unnecessary, irrelevant, inflammatory, and highly prejudicial surplusage and thus that paragraphs 5 and 6 should be stricken from the Indictment.  The government has responded to the motion to which defendant has replied.

Rule 7(d), Federal Rules of Criminal Procedure, permits the Court to strike surplusage from an Indictment.  However, such a motion "should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter."  Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962).  This is an exacting standard which is met only in rare cases.  See United States v. Hedgepeth, 434 F.3d 609, 611-12 (3d Cir. 2006); United States v. Edwards, 72 F. Supp. 2d 664, 667 (M.D. La. 1999).  See also United States v. P&S Foods, Inc., No. S2-4:02 CR 529 CDP DDN, 2003 WL 25735595, at *7 (E.D. Mo. Sept. 25, 2003). Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  "[I]f the language in

the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be[.]" United States v. Climatemp, Inc., 483 F. Supp. 376, 391 (N.D. Ill. 1979), aff'd sub nom., United States v. Reliable Sheet Metal Works, Inc., 705 F.2d 461 (7th Cir. 1983).

Applying these standards here, it appears that the challenged allegations in the Indictment are material and relevant and are matters which the government intends to prove at trial. To establish an offense of mail and/or wire fraud, the government must prove, *inter alia,* a scheme or artifice to defraud. See 18 U.S.C. §§ 1341, 1343. The government contends that the allegations in paragraphs 5 and 6 pertaining to Princeton customers B.L., J.P.-1, P.P., R.T., and C.M. are relevant to showing defendants' conduct in furtherance of the overall scheme to defraud through the use of a Ponzi-type scheme whereby said customers received from defendants returns on purportedly-invested funds from subsequent "investments" by other customers/victims. To the extent defendant Palmer argues that the Indictment's characterizations of these customers as "elderly" or "members of a family who had received funds upon the death of their aunt" are inflammatory and highly prejudicial to his defense, such matters may be material and relevant to showing the defendants' specific intent to defraud which is necessary to show a scheme or artifice to defraud. See United States v. Jain, 93

F.3d 436, 441 (8th Cir. 1996) (essential to a scheme to defraud is fraudulent intent); United States v. Rhoads, 617 F.2d 1313, 1316 (8th Cir. 1980) (showing of specific intent to defraud targets of alleged scheme necessary to show scheme or artifice to defraud). Nevertheless, any prejudice to the defendant can be cured by instructions which may be given to the jury at the time of trial, including an instruction that the charging document is not itself evidence. See United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir. 1990).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that defendant Robert M. Palmer's Motion to Strike Surplusage from Indictment (Doc. #42) be denied.

The parties are advised that any written objections to these findings and determinations shall be filed not later than **December 10, 2013.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                      /s/ Frederick R. Buckles
                                  UNITED STATES MAGISTRATE JUDGE

Dated this _26th_ day of November, 2013.